1  THERESA A. JONES (SBN# 123586)
   Attorney At Law
2  10429 Hole Ave
   Riverside, CA 92505
3  714 742-6282
   714 276-0258 fax
4  email: Terryannjonesesq@aol.com

5  Attorney for Moving Party Elvira Dominique Caamano

6

7

8              UNITED STATES BANKRUPTCY COURT

9       CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

10

11 In re                              )   CASE NO. 6:13-bk-27292-WJ
                                      )
12                                    )   CHAPTER 7
                                      )
13 ELVIRA DOMINIQUE CAAMANO,          )   MOTION TO REOPEN CASE
                                      )   FOR VIOLATION OF BANKRUPTCY
14                                    )   DISCHARGE INJUNCTION BY
                                      )   NATIONAL COMMERCIAL RECOVERY,
15    Debtor.                         )   INC; DECLARATION OF THERESA JONES;
                                      )   PROPOSED ORDER
16                                    )
                                      )
17                                    )   DATE: No hearing required LBR 9013-1(q)
                                      )   TIME:
18                                    )   CTRM. 304
                                      )
19                                    )   U.S. Bankruptcy Court
                                      )   3420 Twelfth St.
20 _____)   Riverside, CA 92501

21

22         TO THE HONORABLE WAYNE JOHNSON, NATIONAL COMMERCIAL

23 RECOVERY, INC. AND ITS ATTORNEY AND OTHER INTERESTED PARTIES:

24         By this motion the discharged debtor Elvira Dominique Caamano seeks an order to

25 reopen her bankruptcy case to request further relief as to why National Commercial Recovery,

26 Inc., d/b/a Blair Smith and Associates ("NCR") should not be held in contempt of Court for

27 willfully violating the discharge injunction of 11 U. S. C. § 524(a)(2) (the "Discharge

28

---

Motion to Reopen                    1

Injunction") by order for discharge entered on January 27, 2014, for damages and sanctions and further, for an order that an abstract of judgment recorded by NCR after the date of discharge is void and of no effect.

Since the violation occurred after the above-entitled bankruptcy case was closed, the case needs to be reopened.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

The original debt to National Commercial Recovery, Inc., hereinafter referred to as "NCR", was owed only by Jose Beltran who was a 50% co-owner of real property located at 6071 Ashley Court, Chino, CA 91710, hereinafter referred to as the "PROPERTY", with the above named debtor Elvira Caamano, hereinafter referred to as "CAAMANO". When Jose Beltran transferred his 50% interest in the PROPERTY to CAAMANO on or about January 12, 2012, NCR later sued CAAMANO on April 10, 2013 for Fraudulent Conveyance in San Bernardino County civil case CIVRS 1302547. CAAMANO thereafter filed the above referenced bankruptcy case on October 18, 2013 and named NCR as a creditor.

NCR filed a motion for Relief from Stay to proceed against CAAMANO as to 50% interest in the PROPERTY. However, the Order did not mention 50% and at the time of the motion she was the sole 100% owner of the property. Discharge of the case was entered on January 27, 2014 and NCR proceeded to obtain a judgment in the San Bernardino civil case on April 13, 2016 over two years later. It should be noted that no judgment lien was ever filed before the bankruptcy discharge of CAAMANO. An abstract of judgment was recorded first on June 13, 2016, well over 2 years after the discharge was entered.

In the meantime Jose Beltran also filed bankruptcy in 2015 and had his original debt to NCR discharged.

On or about September 1, 2017 the PROPERTY owned by CAAMANO was in foreclosure and her brother Daniel Caamano purchased the PROPERTY from her for $475,000. Due to that sale, Daniel Caamano is now being sued in another fraudulent conveyance action brought against

Motion to Reopen                               2

him as trustee of his living trust by NCR in San Bernardino Superior Court case CIVDS 1930049. He contests the fraudulent conveyance against him on the basis that he paid fair market value for the PROPERTY and that the judgment lien should be VOID because it was not against the PROPERTY at the time of CAAMANO'S bankruptcy discharge and it was a discharged debt.

In short, NCR is pursuing a second fraudulent conveyance case for payment of a judgment lien for a debt which has been discharged by two different debtors and which did not exist against the PROPERTY at the time of CAAMANO's discharge. It was never even her debt to begin with. The original debt belonged only to Jose Beltran and CAAMANO was discharging the claim of NCR for the fraudulent conveyance case against her.

The very same attorney has represented NCR as a creditor in the civil case against Jose Beltran which resulted in the original judgment amount, in the above entitled bankruptcy case of CAAMANO, as a Plaintiff in San Bernardino case CIVRS 1302547 against CAAMANO, as creditor in the bankruptcy case of Jose Beltran and as Plaintiff in San Bernardino case CIVDS 1930049 against Daniel Caamano which is now pending. Court intervention is necessary to once and for all determine that the judgment lien constitutes a violation of the bankruptcy discharge injunction and is null and void.

**2. A MOTION TO REOPEN A CHAPTER 7 CASE TO REQUEST DETERMINATION OF A VIOLATION OF THE DISCHARGE INJUNCTION IS APPROPRIATE**

Elvira Dominique Caamano seeks reopening of her case to request further relief as to why National Commercial Recovery, Inc., d/b/a Blair Smith and Associates ("NCR") should not be held in contempt of Court for willfully violating the discharge injunction of 11 U. S. C. § 524(a)(2) (the "Discharge Injunction") by order for discharge entered on January 27, 2014, for damages and sanctions and further, for an order that an abstract of judgment recorded by NCR after the date of discharge is void and of no effect.

The discharge order creates an injunction prohibiting collection activity against the Debtor,

and 11 U.S.C. § 105(a) authorizes this Court to issue "any order, process or judgment" necessary or appropriate to carry out the provisions of the Bankruptcy Code. Further, enforcement of the bankruptcy discharge is appropriately before the Judge whose order gave rise to the injunction.

The reopening of a closed bankruptcy case is a ministerial act that functions primarily to enable the file to be managed by the clerk as an active matter. In Re Menk, 241 B.R. 896, 913 (9th Cir BAP 1999). Because a case must be reopened to consider the underlying request for relief, a motion to reopen is granted routinely. See In Re Dodge, 138 B.R. 602, 605 (Bankr. E.D. Cal 1992). Case reopening, by itself, lacks independent legal significance and determines nothing with respect to the merits of the case Menk, 241 B.R. at 913.

The above entitled case was closed before any violation of the bankruptcy discharge occurred. Fortunately, the same Judge is available who made previous orders in this case and the same counsel is available for NCR.

### 3. CONCLUSION

For the foregoing reasons it is respectfully requested that the Cour grant this motion and allow this case to be reopened for the limited purpose of determining whether a violation of the bankruptcy discharge has occurred and granting appropriate relief including sanctions, attorney fees and voiding the abstract of judgment.

Respectfully submitted,

Dated: August 9, 2020

Theresa A. Jones, Attorney for Debtor
Elvira Dominique Caamano

Motion to Reopen                                4

## DECLARATION OF THERESA A. JONES

I, THERESA JONES, declare and state:

1. If called upon to testify I could and would testify to the following facts of my own personal knowledge. I am an attorney duly licensed to practice law before all courts of the State of California and the U.S. Bankruptcy Court Central District in California. I represent the moving party Elvira Dominique Caamano as a discharged debtor in the above-entitled case.

2. I have reviewed this bankruptcy case along with another bankruptcy case and two state civil cases related to a debt claimed by National Commercial Recovery, Inc. ("NCR"). There is a complicated set of facts but only one issue that needs to be resolved which is whether NCR violated the bankruptcy discharge in the above-entitled case when it recorded an abstract of judgment against the debtor over two years after her discharge which has become a judgment lien against the property which she owned at the time of discharge at 6071 Ashley Court, Chino, California 91710. The lien concerns the very same debt which was discharged and there was no lien secured against the property at the time of her discharge. She therefore requests that the court reopen her case to allow her to request further relief to determine that National Commercial Recovery, Inc. is in violation of her discharge inunction and to provide relief to her with damages, sanctions, and attorney fees and order that the judgment lien is null and void.

3. There is a state court action also pending in San Bernardino County related to the judgment lien. However, this court appears to be the best forum to review this matter since the same Judge is still available and counsel for NCR is also the same as when the above-entitled action was pending. The former attorney for Elvira Dominique Caamano is deceased according to the California State Bar website.

4. I was informed that this case had to be reopened when I previously filed a request for OSC as Document 23 and a Request for Judicial Notice as Document 24 and my proposed order was rejected on July 21, 2020. At the time I believed that a contempt type motion did not require reopening of the case.

I declare under penalty of perjury under the laws of the United States of America that the

Motion to Reopen    5

foregoing is true and correct. Executed this 9th. day of August, 2020 at Anaheim, California.

_____
Theresa A. Jones, Declarant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10429 Hole Ave., Riverside, CA 92505

A true and correct copy of the foregoing document entitled (*specify*): Motion to Reopen Case to Determine Violation of Discharge Injunction by National Commercial Recovery, Inc.

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/21/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

U.S. Trustee  ustpregion16.rs.ecf@usdoj.gov
Trustee Charles Daff  charleswdaff@gmail.com, c122@ecfcbis.com
Attorney for Creditor  gab1law@msn.com
Glenn Besnyl

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) 08/21/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Wayne Johnson, U.S. Bankruptcy Court, 3420 Twelfth St., Riverside, CA 92501
Elvira Dominique Caamano, 6071 Ashley Court, Chino, CA 91710-5369

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/21/2020 | Theresa Jones | *Theresa Jones* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE